UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 03 CR 636-6 |
| Plaintiff/Respondent, ) | |
| ) | Honorable Joan B. Gottschall |
| v. ) | |
| ) | |
| ROSELVA CHAIDEZ, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

On June 3, 2003, the government indicted Roselva Chaidez and several others, including Chaidez's son, for taking part in an insurance fraud scheme. Chaidez allegedly was recruited to be part of a staged automobile accident and then filed false insurance claims for personal injuries. Chaidez pled guilty to two counts of fraud under 18 U.S.C. §§ 1341 and 1342. This court sentenced her to four years of probation and ordered her to pay $22,500 in restitution. Chaidez never appealed, nor did she collaterally attack her conviction or sentence during the term of probation.

On January 25, 2010, more than six years after her guilty plea and well after her sentence of probation had been served, Chaidez filed a petition for writ of error coram nobis.[1] Chaidez's petition alleges that her attorney never informed her that as a result of her conviction, she would be subject to deportation. On that basis, Chaidez asks the court

---

[1] Chaidez initially filed her petition on October 11, 2009 as a separate civil action. *See United States v. Chaidez*, 09 C 6382 (Oct. 11, 2009) (petition). Judge Holderman dismissed the case without prejudice, so that Chaidez could bring the petition as part of her original criminal case. *Chaidez*, 09 C 6382 (Jan. 4, 2010) (order dismissing case). The petition was filed as a motion on January 25, and a corrected petition was filed on March 23.

to "grant petitioner all relief to which she may be entitled in this proceeding to correct a grave injustice." The court construes this request as one to have Chaidez's guilty plea vacated.

## ANALYSIS

Under the All Writs Act, 28 U.S.C. § 1651, the court has the power in a criminal case to issue a writ of coram nobis to correct errors "'of the most fundamental character' that render the proceeding invalid." *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007) (quoting *United States v. Morgan,* 346 U.S. 502, 509 n.15, 511-12 (1954)). Coram nobis is available only where Congress has provided no other remedy, such as habeas corpus. *Carlisle v. United States*, 517 U.S. 416, 429 (1996). Because one requirement of a writ of habeas corpus is that the petitioner be in custody, *see* 28 U.S.C. § 2255, coram nobis would be the appropriate remedy where the petitioner was fined rather than given a custodial sentence or, in situations like this one, where the petitioner has already completed a term of custody.[2] *United States v. Keane*, 852 F.2d 199, 202 (7th Cir. 1988). The petitioner must demonstrate that she had "sound reasons for the failure to seek earlier relief," and that she "continues to suffer from [her] conviction even though [s]he is out of custody." *Sloan*, 505 F.3d at 697.

If Chaidez's attorney provided ineffective assistance of counsel at the time of her plea, that fundamental error would be one which could be addressed by a writ of coram nobis, assuming Chaidez can meet the other procedural requiremets. The fundamental right to a fair trial includes the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Supreme Court's recent decision in *Padilla*

---

[2] Probation constitutes "custody" for the purposes of determining the jurisdictional requirements of habeas corpus relief. *A.M. v. Butler*, 360 F.3d 787, 790 n.3 (7th Cir. 2004).

2

*v. Kentucky*, 130 S. Ct. 1473, 1486 (2010), established that competent counsel must inform a criminal defendant whether her plea carries a risk of deportation. And decisions of other courts, both before and after *Padilla*, have permitted criminal defendants, out of custody, to bring coram nobis challenges to their convictions based on counsel's failure to give proper advice regarding immigration consequences of a guilty plea. *See Santos-Sanchez v. United States*, No. 07-40145, 2010 WL 2465080 (5th Cir. June 15, 2010) (reconsidering previous decision on remand from Supreme Court and vacating district court denial of petition for writ of coram nobis in light of decision in *Padilla v. Kentucky*); *United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005) (concluding that defendant had established claim for ineffective assistance of counsel and remanding to district court to issue writ of coram nobis); *United States v. Castro*, 26 F.3d 557 (5th Cir. 1994) (reversing district court's denial of coram nobis relief and remanding for determination of whether defendant's counsel rendered ineffective assistance under standards of *Strickland*). *Cf. United States v. Denedo*, 129 S. Ct. 2213 (2009) (holding that military court had jurisdiction to entertain corum nobis petition alleging that petitioner had not been informed by counsel of deportation consequences of his guilty plea).

   From Chaidez's petition alone, the court cannot conclude at this time that relief is warranted. The petition omits critical factual detail. Generally, a court should "presume that counsel satisfied their obligation to render competent advice at the time their clients considered pleading guilty." *Padilla*, 130 S. Ct. at 1485. Chaidez must show that her attorney unreasonably failed to inform her of the risk that she could be deported following her conviction, and that, but for the attorney's ineffective assistance, she likely

would not have pled guilty. *Padilla*, 130 S. Ct. at 1482 (citing *Strickland*, 466 U.S. 668). Chaidez may be entitled to a hearing at which she would be permitted to make the required showing. However, first, Chaidez should submit a detailed affidavit to fill in some of the gaps left by her petition. The affidavit should describe Chaidez's immigration status before the guilty plea and whether her attorney was aware of this status, any advice the attorney gave regarding the immigration consequences of a guilty plea, an explanation of why knowledge of the true immigration consequences would have caused Chaidez to change her plea, and any other information which is relevant to the *Strickland* analysis.

If, in fact, Chaidez now faces the risk of deportation, she will be able to show that she "continues to suffer from [her] conviction even though [s]he is out of custody." *Sloan*, 505 F.3d at 697. Federal law provides for deportation, upon the order of the Attorney General, of "[a]ny alien who is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). Chaidez's fraud conviction which involved a loss to victims exceeding $10,000 would count as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(M)(i). *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009) (upholding deportation order for fraud conviction where loss was found to exceed $10,000, even though loss amount was not an element of the underlying crime).

To obtain relief, Chaidez must also show that she has sound reasons for waiting until now to challenge her conviction. *Sloan*, 505 F.3d at 697. Her affidavit should address this issue by informing the court when, precisely, Chaidez learned that she faced adverse immigration consequences. Chaidez might have a valid excuse if, for example, the government delayed in seeking deportation and Chaidez was not made aware of the

4

immigration consequences of her plea until recently. Or, if she had delayed because she was in the process of litigating whether her fraud conviction was one permitting deportation, Chaidez's delay may have been justified. *See Kwan*, 407 F.3d at 1013.

The government argues that the court cannot apply the rule in *Padilla* in this case because *Padilla* announced a new constitutional rule which is not available for retroactive use in Chaidez's collateral attack on her conviction. (*See* Govt.'s Supp. Resp., citing *Teague v. Lane*, 489 U.S. 288 (1989).) But Chaidez does not seek retroactive application of *Padilla*—in fact, her petition was filed before the Supreme Court's ruling. If Chaidez only recently learned of the deportation consequences of her plea, then she could not have been expected to raise this issue on direct appeal or in an earlier habeas case. Chaidez merely asks the court to apply the well-established rule in *Strickland* to find that her attorney provided ineffective assistance. The petitioner in *Padilla* sought the same relief. 130 S. Ct. at 1486. *See also Santos-Sanchez*, 2010 WL 2465080 (granting coram nobis relief following the decision in *Padilla)*. And, as the Supreme Court stated, "For at least the past 15 years, professional norms have generally imposed an obligation on counsel to provide advice on the deportation consequences of a client's plea." *Padilla*, 130 S. Ct. at 1485. Thus, if Chaidez can make the required showing under *Strickland* and under the standards for coram nobis relief, she will be able to challenge her attorney's ineffective assistance at the time of her guilty plea.

## CONCLUSION

Chaidez is ordered to submit an affidavit addressing the issues discussed above, so that the court can properly evaluate her petition.

ENTER: /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: July 8, 2010