**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| Vs. | ) CASE NO: 03-cr-636-06 |
| | ) |
| ROSELVA CHAIDEZ, | ) |
| | ) |
| Defendant/Petitioner. | ) |

**DEFENDANT'S AFFIDAVIT IN SUPPORT OF PETITION**

I, Roselva Chaidez, do on oath state and depose as follows:

1. I am the defendant in the above captioned matter.

2. On or about July 9, 2003, I appeared before the Honorable Joan B. Gottschall for my arraignment and bond determination hearing.

3. Present that day was my court appointed attorney from the Federal Defender Panel, Ms. Kaaren Plant.

4. I was released that same day on my own recognizance with a $4,500 OR bond.

5. Sometime in mid-November of 2003, my attorney, Kaaren Plant, advised me to plead guilty to Counts 2 and 3.

6. She told me that it would be a blind plea and I understood this to mean that I would not have the benefit of a plea agreement.

7. She never inquired of me my legal status in the United States, and I did not inform her that I was a lawful permanent resident.

8. As a result, Ms. Plant never informed me that as a non-U.S. Citizen, a lawful permanent resident was subject to removal or deportation from the United States for committing any aggravated felony without any form of relief available to me.

9. Specifically, Kaaren Plant failed to advise me that a fraud of $10,000 or more constituted an aggravated felony under the Immigration Act and as such I was subject to statutory deportation from the U.S. without any defense whatsoever.

10. Had she informed me that by entering into a blind plea of guilty to a fraud of over $22,000, and that I would be deported from the United States without the possibility of ever being allowed to return, I never would have entered into a blind guilty plea.

11. I am 54 years old and presently in removal proceedings. I have 2 sons and 1 daughter, all of who live with me. My son David is 33, Jorge is 32 and my daughter, Nancy, is 25 years old.

12. Nancy has 2 children, my granddaughters Lilly and Daisy, ages 4 and 2. They are the light of my life.

13. My children and grandchildren are everything to me, everything I have in this world, along with my older brother who also lives here in Chicago.

14. I first became aware of my immigration troubles quite by accident in early 2009, when I decided to apply for my U.S. Citizenship.

15. I paid my fees and received an interview date on my N-400 application that was set for June of 2009.

16. At the interview I passed the written and oral examination then was asked a series of questions concerning my arrest in this case and my conviction. I was candid with the

officer, explaining that I had been convicted of fraud, and the amount of restitution owed was $22,500.

17. She did not give me a decision at that time but told me a response would be arriving in the mail.

18. Then on or about December of 2009, I received a Notice to Appear before an immigration judge for removal proceedings.

19. I immediately contacted my U.S. Probation Officer, Juan Tappia, who gave me the name of my current immigration lawyer, Gerardo Gutierrez.

20. I then made an appointment and my sons too me straight to Mr. Gutierrez' office, who informed me of my situation.

21. Mr. Gutierrez told me that I had no statutory relief from deportation based upon my fraud conviction in federal court. He then asked me questions about my attorney, Kaaren Plant, asked if she had told me that by entering into a blind plea of guilty for a fraud in excess of $10,000, I would lose my lawful U.S. status without any remedy or relief.

22. I told him that I would never have pled guilty if I had known that, I would rather have taken my chances and gone to trial or tried to work out a deal whereby I could plead to a lesser offense. I stand to lose everything I ever worked for in my life; my kids, my grandkids, everything, if I do not receive the desired relief from my conviction in this case.

24. If only Kaaren Plant had bothered to check on my immigration status, and informed me of the legal consequences of my blind plea, I might not be facing this devastating problem.

3

FURTHER AFFIANT sayeth not.

/s/ Roselva Chaidez

Respectfully submitted,

/s/ Gerardo S. Gutierrez

PREPARED BY:

GEARDO S. GUTIERREZ, Esq.
53 W. Jackson Blvd. Ste. 1122
Chicago, IL 60604
(312) 786-9970

4