**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff/Respondent, | ) | **No. 03 CR 636-6** |
| | ) | |
| v. | ) | **Judge Joan B. Gottschall** |
| | ) | |
| **ROSELVA CHAIDEZ,** | ) | |
| Defendant/Petitioner. | ) | |

## MEMORANDUM OPINION AND ORDER

In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the Supreme Court held that under the Sixth Amendment and prior to the entry of a guilty plea, counsel must inform her client whether a plea carries a risk of deportation. Contending that *Padilla* applies retroactively, defendant-petitioner Roselva Chaidez moved for a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651. After many years of litigation culminating in the Supreme Court's decision in *Chaidez v. United States*, 133 S. Ct. 1103 (2013), finding she was not entitled to relief, Chaidez's motion for a writ of error coram nobis is again before the court. Chaidez seeks to raise two new arguments in support of her motion. Because she may not do so at this stage in the proceedings, her motion for a writ of error coram nobis is denied.

### I. BACKGROUND

Roselva Chaidez entered the United States from Mexico in 1971 and became a lawful permanent resident in 1977. In 2003, while represented by counsel, she pled guilty to two counts of mail fraud in connection with a staged accident insurance scheme where the loss to the victims exceeded $10,000. In 2004, she was sentenced to a four-year term of probation. Judgment was entered on April 8, 2004. She did not appeal.

An alien who is "convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Because the fraud to which Chaidez pled guilty involved a loss exceeding $10,000, her conviction made her eligible for removal from the United States. *See* 8 U.S.C. § 1101(a)(43)(M)(i) (defining "aggravated felony"). Following completion of her term of probation, Chaidez continued to reside in United States without incident despite her conviction.

In 2009, Chaidez was served with notice to appear before an immigration judge. The notice stated that the government sought to deport Chaidez based on her conviction. Chaidez retained new counsel. On March 23, 2010, she sought a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651, arguing her conviction should be vacated because she had not been advised of the immigration consequences of her plea.

On March 31, 2010, the Supreme Court issued *Padilla*, which held that a defendant has a constitutional right to know if a guilty plea carries a risk of deportation. As discussed more fully in the court's prior orders in this case, *Teague v. Lane*, 489 U.S. 288 (1989), is the seminal Supreme Court case governing whether criminal procedure decisions apply retroactively to final convictions. This court found that under *Teague*, *Padilla* retroactively applied to Chaidez's case, held a hearing, determined Chaidez's counsel did not provide information required by *Padilla*, and granted Chaidez's motion for a writ of error coram nobis. *United States v. Chaidez*, 730 F. Supp. 2d 896 (N.D. Ill. 2010); *United States v. Chaidez*, No. 03 CR 636–6, 2010 WL 3979664 (N.D. Ill. Oct. 6, 2010).

The government appealed and on August 23, 2011, the Seventh Circuit held that *Padilla* did not apply retroactively and thus was inapplicable to Chaidez's conviction. *United States v.*

*Chaidez*, 655 F.3d 684 (2011). The Seventh Circuit, therefore, reversed this court's judgment and remanded for further proceedings. In the meantime, the Supreme Court granted Chaidez's petition for a writ of certiorari to resolve a split among federal and state courts about whether *Padilla* applies retroactively.

On February 20, 2013, the Supreme Court affirmed the Seventh Circuit's decision, stating:

> In *Padilla v. Kentucky*, 559 U.S. 356 (2010), this Court held that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea. We consider here whether that ruling applies retroactively, so that a person whose conviction became final before we decided *Padilla* can benefit from it. We conclude that, under the principles set out in *Teague v. Lane*, 489 U.S. 288 (1989), *Padilla* does not have retroactive effect.

*Chaidez v. United States*, 133 S. Ct. 1103, 1105 (2013).

In the final footnote in its decision, the Court declined to address two of Chaidez's arguments, explaining:

> Chaidez makes two back-up arguments in her merits briefs — that *Teague*'s bar on retroactivity does not apply when a petitioner challenges a federal conviction, or at least does not do so when she makes a claim of ineffective assistance. Brief for Petitioner 27–39. But Chaidez did not include those issues in her petition for certiorari. Nor, still more critically, did she adequately raise them in the lower courts. Only her petition for rehearing en banc in the Seventh Circuit at all questioned *Teague*'s applicability, and her argument there — that a "*Teague*-light" standard should apply to challenges to federal convictions — differs from the ones she has made in this Court. *See* Petition for Rehearing and for Rehearing En Banc in No. 10–3623 (CA7), p. 13. Moreover, we cannot find any case in which a federal court has considered Chaidez's contention that *Teague* should not apply to ineffective assistance claims. "[M]indful that we are a court of review, not of first view," we decline to rule on Chaidez's new arguments. *Cutter v. Wilkinson*, 544 U.S. 709, 718, n.7 (2005).

*Id.* at 1113 n.16.

After the Supreme Court's judgment issued, the government filed a motion with this court seeking an order denying Chaidez's motion for a writ of error coram nobis. The parties' briefs addressing the government's motion reflect a fundamental disagreement with the scope of proceedings before this court upon remand. Chaidez asserts that the Supreme Court "reserved" potential additional arguments in the final footnote. Dkt. 252 at 1. She then attempts to raise two new arguments that she concedes are "wholly separate grounds for granting . . . relief, previously not considered by [the district court]," that she raised for the first time on appeal. Dkt. 246 at 2. Specifically, Chaidez argues that *Teague* does not apply to challenges to a federal conviction or, alternatively, does not apply when there is a claim of ineffective assistance of counsel. In contrast, the government contends that Chaidez's current arguments are not properly before this court as they are outside the scope of the Supreme Court's remand and are waived.

## II. ANALYSIS

As noted above, the Seventh Circuit reversed this court's order granting Chaidez's motion for a writ of error coram nobis and remanded for further proceedings. The Supreme Court affirmed the Seventh Circuit's judgment. The question before the court today is whether the appellate opinions foreclose Chaidez from litigating her new arguments and require the court to enter judgment against her.

"Law-of-the-case terminology is often employed to express the principle that an inferior tribunal is bound to honor the mandate of a superior court within a single judicial system." 18B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 4478.3 at 733 (2d ed. 2002) ("WRIGHT & MILLER"); *see also Doe v. Chao*, 511 F.3d 461, 466 (4th Cir. 2007) (after appellate litigation ends, "the orderly resolution of the litigation requires the district

court to recognize those interests served by final judgments and to implement the appellate mandate faithfully"). "[T]he most elementary application of [the law of the case] doctrine is that when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court." *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000). This "corollary to the law of the case [doctrine]" is known as the mandate rule. *Id*.

The mandate rule binds the district court whether a case is remanded from the circuit court or the Supreme Court. WRIGHT & MILLER § 4478.3 at 734. Under the mandate rule: (1) "any issue that could have been but was not raised on appeal is waived and thus not remanded"; and (2) "any issue conclusively decided by [the appellate court] is not remanded." *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002); *see also United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003) ("The mandate rule has two components – the limited remand rule, which arises from action by an appellate court, and the waiver rule, which arises from action (or inaction) by one of the parties."); *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (The mandate rule "forecloses relitigation of issues expressly or *impliedly* decided by the appellate court . . . . Likewise, where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so.") (citations omitted) (emphasis in original).

For the following reasons, the mandate rule bars Chaidez's attempt to raise new issues on remand. In addition, the court declines Chaidez's invitation to find that the rules about the scope

-5-

of the remand and waiver/forfeiture do not apply to motions for a writ of error coram nobis.[1]

## A.     "Any Issue That Could Have Been but Was Not Raised on Appeal"

With respect to the first prong, which is based on waiver/forfeiture principles, Chaidez was the appellee before the Seventh Circuit. As the appellee in the court of appeals, she was not required to raise any arguments before that court. *See Yuan Gao v. Mukasey*, 519 F.3d 376, 379 (7th Cir. 2008) (the appellee's failure to address one of the appellant's arguments did not result in "a waiver or forfeiture" as an appellee "is not required to file a brief"). Thus, her failure to present her two new arguments at the intermediate appellate level cannot be used against her.

However, after the Seventh Circuit ruled against her and the Supreme Court granted certiorari, Chaidez became subject to the Supreme Court's rules regarding the preservation of arguments on appeal. The Supreme Court stated that Chaidez had neither included the two new arguments in her petition for a writ of certiorari nor, "still more critically, did she raise them in the lower courts." *Chaidez*, 133 S. Ct. at 1113, n.16. According to the Court, at best she presented a variant of one of her new arguments in her petition for rehearing filed with the Seventh Circuit. *Id.* The Court, therefore, expressly declined to consider Chaidez's two new arguments. *Id.*

Chaidez does not dispute that she raised one new argument for the first time in her

---

[1] "[F]orfeiture is the failure to make the timely assertion of a right[;] waiver is the intentional relinquishment or abandonment of a known right." *Kontrick v. Ryan*, 540 U.S. 443, 458 at n.13 (2004) (internal quotations omitted). The court cannot ascertain whether Chaidez's decision to present her two new arguments for the first time on appeal was strategic or accidental so it cannot determine if she potentially waived or forfeited the arguments. In the interests of brevity, the court will use the term "waiver" throughout the remainder of this order to mean "waiver or forfeiture."

petition for rehearing with the Seventh Circuit and raised her other new argument for the first time in her Supreme Court briefs. Regardless of whether this occurred due to plan or accident, the result is the same: since the Supreme Court found that she did not properly present the two new arguments below, she may not litigate those issues on remand. *See Cutter*, 544 U.S. at 718, n.7; *see also Kenseth v. Dean Health Plan, Inc.*, — F.3d —, No. 11-1560, 2013 WL 2991466, at *21 (7th Cir. June 13, 2013) (a party may not "use the opportunity created by the remand to raise [a waived] issue for the first time") (collecting cases).

Clearly, there is an implicit tension between this holding and the Seventh Circuit's repeated criticism of the "kitchen sink" approach to briefing. *Dynegy Mktg. and Trade v. Multiut Corp.*, 648 F.3d 506, 513 (7th Cir. 2011). Chaidez's counsel presented multiple arguments to this court, which accepted her position and granted her motion for a writ of error coram nobis. The failure to present the two new arguments from the outset can thus be characterized as a misstep only with the benefit of 20/20 hindsight.

Nevertheless, it is well established that "waiver occurs when a defendant intentionally relinquishes or abandons a known right, whereas forfeiture occurs when a defendant fails to timely assert his rights." *United States v. Gaona*, 697 F.3d 638, 641 (7th Cir. 2012); *see also Kontrick*, 540 U.S. at 458 at n.13. Waiver and forfeiture rules are routinely enforced. *See, e.g.*, *Wood v. Milyard*, 132 S. Ct. 1826, 1832 n.4 (2012). Chaidez's contention that "[n]othing in the Supreme Court's opinion in general or the footnote in particular that notes these alternative arguments forecloses [Chaidez] from raising them now," Dkt. 255 at 2, is thus at odds with the Supreme Court's opinion, which states that Chaidez did not preserve the two new arguments. *See Chaidez*, 133 S. Ct. at 1113 n.16. Chaidez asks the court to hold otherwise and consider

them on remand, but this court is not free to do so given the Supreme Court's decision. *See United States v. McGaughy*, 485 F.3d 965, 970 (7th Cir. 2007) (the court lacked authority to decide an issue in the defendant's favor given "the governing law of the Supreme Court, which this court is bound to follow").

This conclusion is not altered by Chaidez's argument that "[o]nce a federal claim is properly presented, a party can make any argument in support of that claim [on appeal]; parties are not limited to the precise arguments they made below." *Yee v. City of Escondido, Cal.*, 503 U.S. 519, 534-35 (1992) ("[h]aving raised a taking claim in the state courts . . . petitioners could have formulated any argument they liked in support of that claim [before the Supreme Court]"). Chaidez argues that because her district court briefs addressed *Padilla*'s retroactivity, she may raise any arguments about that issue on remand. The Supreme Court, however, made clear that Chaidez did not preserve her two new arguments. *Chaidez*, 133 S. Ct. at 1113 n.16. In addition, a rule governing the scope of issues that may be raised *on appeal* in support of a previously raised argument does not govern the issue presently before this court (the scope of issues that may be raised *on remand*). Chaidez's two new arguments, therefore, are not properly before this court.

**B.    "Any Issue Conclusively Decided" by the Appellate Court**

Despite the court's conclusion that Chaivez waived her two new arguments, it will consider the "any issue conclusively decided" prong in the interests of completeness. The Seventh Circuit found that *Padilla* was not retroactive, reversed this court's judgment to the contrary, and remanded for further proceedings. Chaivez does not contend that in the absence of the Supreme Court's grant of certiorari in her case, this court could have considered the two new

arguments upon remand from the Seventh Circuit. Instead, had the Supreme Court not granted certiorari, this court would have denied Chaidez's motion for a writ of error coram nobis and closed her case.

Chaidez nevertheless appears to be arguing that because the Seventh Circuit reversed this court's judgment and remanded the case back to this court and the Supreme Court affirmed the Seventh Circuit, the appellate courts necessarily contemplated that litigation about *Padilla*'s retroactivity could continue at the district court level. This is incorrect. The court must consider whether the appellate court conclusively determined the *Padilla* issue, not merely look to whether the case was remanded. Moreover, the Seventh Circuit had no option but to remand as it reversed this court's judgment in Chaidez's favor, and entering final judgment following an appellate reversal is the district court's responsibility. *See* WRIGHT & MILLER § 4478.3 at 733.

Chaidez also asserts that the Supreme Court did not conclusively decide all possible issues about *Padilla*'s application to her case and, instead, "reserved" her two new arguments in its final footnote. Dkt. 252 at 1. A footnote stating that a litigant did not preserve an issue for appeal does not open the door for the litigant to raise the non-preserved argument upon remand. *See Invention Submission Corp. v. Dudas*, 413 F.3d 411, 414 (4th Cir. 2005). In *Invention Submission Corp. v. Dudas*, the Fourth Circuit remanded due to the lack of subject matter jurisdiction. On remand, the appellant attempted to rely on a new jurisdictional theory based on a footnote in the circuit court's opinion. The district court did not consider the new theory and, instead, dismissed for lack of jurisdiction. After the appellant filed a second appeal, the Fourth Circuit held that its footnote merely observed that the theory had not been properly preserved. It then stated that it "did not instruct the district court to consider that doctrine on remand. Had the

district court done so anyway, it would have had to violate what we did instruct: to dismiss the case for lack of subject matter jurisdiction." *Id*. It thus concluded that the attempt to raise a new jurisdictional issue on remand was improper and affirmed the district court's dismissal order. *Id*.

Here, as in *Invention Submission*, Chaidez is attempting to use a footnote about non-preserved issues to justify her attempt to litigate these issues on remand. If this court permits her to do so, it will necessarily have to consider the precise issue determined by the Seventh Circuit and the Supreme Court: whether *Padilla* applies to Chaidez's conviction. This court lacks the authority to revisit an issue determined by the appellate courts. *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) (district courts must heed the Seventh Circuit's "familiar exhortation that parties cannot use the accident of remand as an opportunity to reopen waived issues.").

In sum, this court disagrees with Chaidez's interpretation of the footnote as the Supreme Court declined to reach Chaidez's two new arguments due to her failure to preserve them. The Supreme Court expressly considered "whether [*Padilla*] applies retroactively, so that a person whose conviction became final [*i.e.*, Chaidez] before we decided *Padilla* can benefit from it." *Chaidez*, 133 S. Ct. at 1105. It then concluded that, "under the principles set out in *Teague v. Lane*, 489 U.S. 288 (1989), *Padilla* does not have retroactive effect." *Id*. Given this language, the conclusion that the Supreme Court "conclusively decided" that *Padilla* was not available to Chaidez under *Teague* is inescapable. *See Husband*, 312 F.3d at 251. Accordingly, the court finds that Chaidez's new arguments about *Padilla* and *Teague* are not properly before this court as the Supreme Court definitively decided that Chaidez was not entitled to relief under these cases.

-10-

**C.     The Equitable Nature of Coram Nobis**

Alternatively, Chaidez asserts that if the court finds that she waived her two new arguments, it should nevertheless exercise its discretion by allowing her to present the arguments now. In support, Chaidez argues that the doctrine of waiver and the power to grant a writ of error coram nobis are both equitable in nature and urges the court to grant her petition for a writ of error coram nobis to "ensure that justice is done." Dkt. 255 at 3.

It is true that coram nobis "is an equitable means to obtain relief from a judgment." *United States v. Denedo*, 556 U.S. 904, 913 (2009). Chaidez, however, cites no authority for the proposition that the court may disregard binding precedent about the scope of the remand and waiver when considering a motion for a writ of error coram nobis. Moreover, the court is not aware of any authority supporting her position. The court thus declines to find that requests for equitable relief, such as motions for a writ of error coram nobis, are not subject to the rules about the scope of the remand and waiver that govern requests for legal relief.

### III.     CONCLUSION

The doctrines presently at issue are technical ones, and Chaidez's real-life situation is far from technical. Regardless, this court believes it lacks authority to consider the issues Chaidez now seeks to raise. Accordingly, for the reasons stated above, Chaidez's motion for a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651, is denied.

Date: July 22, 2013            /s/
                               JOAN B. GOTTSCHALL
                               United States District Judge